UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON KELLY,

        Plaintiff,

v.                                       CASE NO. 2:23-CV-10070
                                       HON. LINDA V. PARKER

CORIZON OF MICHIGAN, et al.,

        Defendants.
_____/

## ORDER OF TRANSFER

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. In his complaint, Michigan prisoner Opelton Kelly ("Plaintiff"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, raises claims concerning his health care at that facility. Plaintiff names Corizon of Michigan, Wellpath Now of Michigan, Warden Bryan Morrison, and Nurse Practitioners Heather Doolittle and Ecoe Hill as the defendants and sues them in their individual capacities. He seeks monetary damages and injunctive relief.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox Co., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

Defendants and Plaintiff reside in Coldwater, Branch County, Michigan for purposes of the complaint and the events giving rise to the complaint occurred there. Branch County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum for this action.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of this case.

s/ David R. Grand  
DAVID R. GRAND  
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2023