UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OPELTON KELLY,

               Plaintiff,

v.

CORIZON OF MICHIGAN et al.,

               Defendants.

_____/

Case No. 1:23-cv-67

Honorable Ray Kent

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.) Plaintiff has filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Upon review, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the

complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 7.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently

parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d at 380–81.

### Discussion

The PLRA, which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/ services-forms/fees/district-court-miscellaneous-fee-schedule.

stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Kelly v. Miron*, No. 2:10-cv-243 (W.D. Mich. Jan. 14,

2011); *Kelly v. Cavanaugh*, No. 2:06-cv-10430 (E.D. Mich. Feb. 28, 2006); *Kelley* [sic] *et al. v. Shide*, No. 1:94-cv-645 (W.D. Mich. Dec. 1, 1994). Although one of the dismissals was entered before enactment of the PLRA on April 26, 1996, the dismissal nevertheless counts as a strike. *See Wilson*, 148 F.3d at 604. Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule at least two times. *See Kelly v. Stoddard*, No. 1:14-cv-1278 (W.D. Mich. Dec. 30, 2014); *Kelly v. Dejung*, No. 2:12-cv-488 (W.D. Mich. Mar. 4, 2013).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which

5

the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. He sues Corizon of Michigan and Wellpath Now of Michigan, both of which have contracted with the Michigan Department of Corrections (MDOC) to provide medical care to inmates. Plaintiff also sues Warden B. Morrison and Nurse Practitioners Heather Doolittle and Ecoe Hill.

The gravamen of Plaintiff's complaint concerns his assertions that he has not received adequate medical care for numerous conditions. Plaintiff contends that he has suffered from a mini-stroke, hemangioma tumors,[3] mild facet disease, paresthesia,[4] gait abnormality, lumbar pain, and numbness in his right and left legs and feet. (ECF No. 1, PageID.1.) Plaintiff suggests that Defendants' failure to treat these condition means that "paralysis is imminent and death." (*Id.*) Plaintiff, however, does not mention many of these conditions again in the facts of his complaint.

Plaintiff saw Defendant Doolittle on April 8, 2021, at which time Plaintiff told her about the "severity of [his] back pain." (*Id.*, PageID.4.) Plaintiff contends that he did not receive a referral to a neurologist until five months later and did not receive a prescription for prednisone until ten months later, despite Defendant Doolittle informing Corizon's Chief Medical Officer about Plaintiff's conditions. (*Id.*)

---

[3] A hemangioma is "a bright red birthmark that shows up at birth or in the first or second week of life. It looks like a rubbery bump and is made up of extra blood vessels in the skin." *See* https://www.mayoclinic.org/diseases-conditions/hemangioma/symptoms-causes/syc-20352334 (last visited Mar. 13, 2023).

[4] Paresthesia is a term used to describe tingling and a "pins and needles" sensation caused by pinched nerves. *See* https://www.mayoclinic.org/diseases-conditions/pinched-nerve/symptoms-causes/syc-20354746 (last visited Mar. 13, 2023).

Plaintiff saw Dr. Dennis Dafnis (not a party) on May 23, 2022. (*Id.*) Dr. Dafnis diagnosed Plaintiff with gait abnormality, back pain, limb paresthesia and weakness, abnormal antalgic and wide-based stance, decreased sensation in his spine, diffuse hyporeflexia, and radiculopathy. (*Id.*, PageID.5.) Subsequently, Dr. Dafnis issued reports regarding a motor nerve study and sensory nerve study. (*Id.*) These outlined the severity of Plaintiff's conditions, which Plaintiff contends "intentionally went untreated for years." (*Id.*)

Defendant Doolittle ultimately transferred from LCF, and Plaintiff's care was transferred to Defendant Hill. (*Id.*) Plaintiff contends that Defendant Doolittle failed to update Defendant Hill "about her[] non-existent treatment plan concerning [Plaintiff's] severe chronic serious medical needs, which forced [Plaintiff] to suffer unnecessarily in pain for more months." (*Id.*) He was not seen by a provider from May 23, 2022 through July 8, 2022. (*Id.*, PageID.6.)

On July 8, 2022, Plaintiff was sent to the Henry Ford Allegiance Hospital for an MRI for his back. (*Id.*) On August 11, 2022, Plaintiff was called to health services to see Defendant Hill for the first time. (*Id.*) Defendant Hill told Plaintiff that he was there for a chart review. (*Id.*, PageID.7.) Plaintiff asked "what would be her first plan of action concerning [his] medical diagnoses." (*Id.*) Defendant Hill "stated she would get back with [Plaintiff] by the time [of] his next 6[-]month check-up appointment." (*Id.*) Plaintiff contends, however, that Defendant Hill has not provided any treatment for his back, leg, and foot pain since taking over for Defendant Doolittle. (*Id.*)

Plaintiff alleges that he has sent numerous kites to health services. (*Id.*) He avers that on June 30, 2022, Registered Nurse Michael Travis (not a party) told Plaintiff to stop writing kites. (*Id.*) Plaintiff states that he had a telemedicine visit with Dr. Robert Crompton (not a party) on November 9, 2022. (*Id.*, PageID.8.) During that visit, Dr. Crompton told Plaintiff that he would be

referring Plaintiff to the pain modification committee "for approval for real pain medication." (*Id.*) Plaintiff "asked when would this be done." (*Id.*) Dr. Crompton told him "as soon as possible." (*Id.*) Plaintiff avers, however, that "it is now a new year . . . and nothing has been done!" (*Id.*) Throughout his complaint, Plaintiff alleges that the failure to receive adequate medical care stems from policies set forth by Corizon and Wellpath Now. He suggests that those contracted medical providers delay necessary treatment in order to maximize profits.

The Sixth Circuit has held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once." *Vandiver*, 727 F.3d at 587. In 2019, the Sixth Circuit provided the following definition of a physical injury: "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or serious bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

To be sure, the conditions that Plaintiff suffers certainly can cause discomfort and pain. Plaintiff's suggestion that he is in imminent danger of paralysis and death, however, is not supported by sufficient facts in the complaint. Moreover, although Plaintiff contends that he has not received medical treatment for two years, his complaint suggests otherwise. Although Plaintiff may have not received treatment as quickly as he would have liked, Defendant Doolittle did refer him to be seen by a neurologist and ultimately prescribed prednisone. Nothing in Plaintiff's complaint suggests that he is not currently receiving prednisone or other medication to manage his pain. Moreover, Plaintiff recently saw Dr. Crompton via a telemedicine visit, and Dr. Crompton told Plaintiff that he would be referred to the pain modification committee. Although Plaintiff

faults Defendant Hill for not providing adequate medical treatment, nothing in his complaint suggests that Defendant Hill is responsible for implementing any pain management plan set forth by the pain modification committee.

In reaching this conclusion, the Court does not discount the discomfort and pain that Plaintiff alleges he experiences. Plaintiff's conditions, however, are "described with insufficient facts and detail to establish that he is in danger of imminent physical injury." *Rittner*, 290 F. App'x at 798 (footnote omitted). Plaintiff's speculation that he faces imminent paralysis and death is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id.* They are simply insufficient.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  March 27, 2023                              /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**