UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON KELLY,

     Plaintiff,

v.

                                       Case No. 1:23-cv-67

CORIZON OF MICHIGAN, et al.,              HON. JANE M. BECKERING

     Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. With the exception of Plaintiff's claims against Corizon, which filed bankruptcy, the remaining claims in this case are Plaintiff's claims against Defendants Wellpath Now of Michigan, Nurse Practitioner Heather Doolittle, and Nurse Practitioner Ecoe Hill (collectively, "Defendants") for alleged Eighth Amendment violations and state-law claims of gross negligence and medical malpractice. Defendants filed a motion for summary judgment, arguing that Plaintiff had not exhausted his administrative remedies for these claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

With regard to Defendants Wellpath and NP Doolittle, the Magistrate Judge recommends that the motion be granted because Plaintiff did not properly exhaust any claims against these two Defendants (R&R, ECF No. 47 at PageID.312).  With regard to Defendant Hill, the Magistrate Judge recommends that the motion be denied with respect to the Eighth Amendment claim arising from the August 11, 2022 incident, which is exhausted by "Grievance 598," but granted "in all other respects" (*id.*).

Plaintiff presents essentially four arguments in his objections to the Report and Recommendation.  First, he objects to the legal standard the Magistrate Judge applied, "in its entirety" (Pl. Obj., ECF No. 48 at PageID.314–315).  Plaintiff's objection is misplaced.  The Magistrate Judge accurately described the legal standard on exhaustion, *see* R&R, ECF No. 47 at PageID.305–308, and Plaintiff's mere disagreement with the standard does not reveal any legal error by the Magistrate Judge.

Second, with respect to the Magistrate Judge's finding that Plaintiff "did not file a grievance against Defendant Wellpath" (R&R, ECF No. 47 at PageID.308), Plaintiff contends that "the [Michigan Department of Corrections (MDOC)] does not have a grievance procedure for a private agency like Wellpath" (Pl. Obj., ECF No. 48 at PageID.316).  Plaintiff's argument lacks merit.  As Defendants point out in their response, Wellpath is not a vendor, but an independent contractor, and Plaintiff was required to properly exhaust his claims against the entity (Defs. Resp., ECF No. 49 at PageID.323, citing, e.g., *Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032, at *4 (6th Cir. June 23, 2021) (rejecting a similar argument and pointing out that "[c]ourts in this circuit have recognized that a prisoner must file a grievance against service providers like Corizon to exhaust administrative remedies")).

2

Next, Plaintiff argues that because he "provided Doolittle's name and dates many times" in "Grievance 0598," the Magistrate Judge erred in finding that he did not exhaust his administrative remedies for his claims against Defendant Doolittle (Pl. Obj., ECF No. 48 at PageID.316–317).  Plaintiff's argument is misplaced.  The Magistrate Judge's conclusion as to Defendant Doolittle was not dependent on Plaintiff failing to identify her; rather, the Magistrate Judge concluded that the grievance, which was rejected on procedural grounds, failed to exhaust Plaintiff's claims against her.  *See* R&R, ECF No. 47 at PageID.309–310.

Last, Plaintiff argues that the Magistrate Judge erred in finding that his Step I grievance against Defendant Dolittle was upheld at Step II (Pl. Obj., ECF No. 48 at PageID.317).  Plaintiff's argument lacks merit.  Defendants point out that Plaintiff's argument depends on an apparent typographical error, to wit: "this step I rejection … is upheld at step I" (Defs. Resp., ECF No. 49 at PageID.324).  The record ably supports the Magistrate Judge's finding that Plaintiff's grievance was "upheld at Steps II and III" (R&R, ECF No. 47 at PageID.309, citing Grievance Records, ECF No. 28-1 at PageID.177–178).

In sum, Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analyses or conclusions as to Defendants Wellpath or Doolittle, and Plaintiff's objections do not include any challenge to the Magistrate Judge's proposed resolution of the motion as to Defendant Hill.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 28) is GRANTED IN PART and DENIED IN PART as set forth in the Report and Recommendation; specifically, Defendants Wellpath Now of Michigan and Heather Doolittle are TERMINATED as parties in this case, and this case proceeds on Plaintiff's claim against Defendant Ecoe Hill "that Hill violated his Eighth Amendment rights when Hill failed to review his MRI until August 11, 2022."

Dated:  June 3, 2024                                   /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON KELLY,

     Plaintiff,

                                                   Case No. 1:23-cv-67

v.

                                                   HON. JANE M. BECKERING

CORIZON OF MICHIGAN, et al.,

     Defendants.

_____/

## **JUDGMENT**

In accordance with the Opinion and Order entered this date:

**IT IS HEREBY ORDERED** that Judgment is entered in favor of Defendants and against

Plaintiff.


Dated:  June ___, 2024

                                                         _____
                                                         JANE M. BECKERING
                                                        United States District Judge